Keith A. Jacoby, Bar No. 150233
kjacoby@littler.com
Rachael Lavi, Bar No. 294443
rlavi@littler.com
Alyssa S. Gjedsted, Bar No. 284588
agjedsted@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendants
TODD PIPE & SUPPLY, LLC; a terminated California limited liability company; TODD PIPE HOLDINGS, INC., a California corporation; MORSCO SUPPLY, LLC, a Texas limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE HERNANDEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TODD PIPE & SUPPLY, LLC; a terminated California limited liability company; TODD PIPE HOLDINGS, INC., a California corporation; MORSCO SUPPLY, LLC, a Texas limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Los Angeles Superior Court Case No. 22STCV30190<br>Complaint Filed: September 15, 2022 |

NOTICE OF REMOVAL

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE** that Defendants Morsco Supply, LLC ("Morsco") and Todd Pipe & Supply, LLC ("Todd Pipe") (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

2. This action was filed in Superior Court of California for the County of Los Angeles. Thus, venue properly lies in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391(a), and 1441(a), and 1446.

## II. PLEADINGS, PROCESS, AND ORDERS

3. On September 15, 2022, Plaintiff Rene Hernandez ("Plaintiff") filed a Class Action Complaint against Defendants in Los Angeles County Superior Court entitled *Rene Hernandez v. Todd Pipe & Supply, LLC, et al.*, designated as Case No. 22STCV30190 (the "Complaint"). The Complaint asserts the following eight causes of action: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Waiting Time

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2                NOTICE OF REMOVAL

Penalties; (6) Wage Statement Violations; (7) Failure to Indemnify; and (8) Unfair Competition in Violation of Business and Professions Code §§ 17200, *et seq*.

4. On September 28, 2022, Defendants were served with the Complaint, along with copies of the Summons, Notice of Case Assignment, First Amended General Order, Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, Alternative Dispute Resolution (ADR) Information Package, Voluntary Efficient Litigation Stipulations, and Civil Case Cover Sheet and Addendum. The foregoing documents are attached as Exhibit A to the Declaration of Rachael Lavi ("Lavi Decl.") in Support of Defendants' Notice of Removal, ¶¶ 2-3, Exh. B.

5. Also attached as Exhibits C-G to the Lavi Decl. are the following documents filed in the Los Angeles County Superior Court:

    Exhibit C:   Minute Order Regarding Newly Filed Class Action

    Exhibit D:   Initial Status Conference Order

    Exhibit E:   Proof of Personal Service as to Defendant Todd Pipe Holdings, Inc.

    Exhibit F:   Proof of Personal Service as to Defendant Morsco Supply, LLC

    Exhibit G: Proof of Personal Service as to Defendant Todd Pipe & Supply, LLC

6. Defendants filed their Answer to the Complaint in the Superior Court of the State of California for the County of Los Angeles on October 26, 2022. Lavi Decl., ¶ 4, Ex. H.

7. Defendants also filed a 170.6 Peremptory Challenge in the Superior Court of the State of California for the County of Los Angeles on October 26, 2022. Lavi Decl., ¶ 6 at Ex. I.

8. Pursuant to 28 U.S.C. § 1446(d), the attached **Exhibits A through I** to the Lavi Declaration constitute all process, pleadings and orders served on Defendants or

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3    NOTICE OF REMOVAL

1. filed or received by Defendants in this action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California, County of Los Angeles, or served by any party. Lavi Decl., ¶ 4.

9. Concurrent with the filing if this Notice of Removal, Defendants will file with the Clerk for the Superior Court of California for the County of Los Angeles a Notice to State Court of Removal to Federal Court in this action, together with a copy of Defendants' Notice to Federal Court of Removal. Lavi Decl., ¶ 8.

### III. TIMELINESS OF REMOVAL

10. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b)(1), the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

11. Defendants' removal is timely, as it is filed within thirty days after Defendants were served with the Complaint. This removal is therefore timely under 28 U.S.C. section 1446(b)(1).

### IV. CAFA JURISDICTION

12. CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

   **A. Plaintiff Filed a Class Action Under State Law**

13. Plaintiff filed his action as a class action based on alleged violations of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4                    NOTICE OF REMOVAL

California state law. Complaint, ¶¶ 12-20.

### B. The Proposed Class Contains at Least 100 Members

14. Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

15. Plaintiff filed this action on behalf of himself and "a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class…." Complaint, ¶ 21.

16. Based on a review of Defendant Todd Pipe's records, only, Todd Pipe employed 389 non-exempt employees from September 15, 2018 until December 31, 2021, when it merged into and with Morsco Supply, LLC.[1] Accordingly, there are well over 100 putative class members in this matter.

### C. Defendants Are Not Governmental Entities

17. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

18. Defendants are corporations or limited liability companies, and none is a state, state official, or other government entity exempt from CAFA.

### D. There Is Diversity Between at Least One Class Member and One Defendant

19. "Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

20. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."

---

[1] Todd Pipe Holdings, Inc. (parent company of Todd Pipe & Supply, LLC) was acquired by Morsco, Inc. (parent company of Morsco Supply, LLC) on October 1, 2019. Todd Pipe remained a separate entity with its own separate employees, policies, and procedures. On December 31, 2021, Todd Pipe & Supply, LLC merged into and with Morsco Supply, LLC.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5                     NOTICE OF REMOVAL

28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

21. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

22. According to the Complaint, Plaintiff is a resident of California. Complaint, ¶ 2. Defendants have thus established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709 at *7.

23. Defendant Morsco is a Texas limited liability company; thus, its citizenship is determined based on the citizenship of each member of the company. See *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (9th Cir. 1998). *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899. Morsco has a sole member, Morsco, Inc., which is a corporation incorporated under the laws of Delaware

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6  NOTICE OF REMOVAL

and has its principal place of business in Texas. Therefore, Defendant Morsco is a citizen of Delaware and/or Texas. *See* 28 U.S.C. § 1332(c)(1).

24. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

25. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant Morsco (Delaware and Texas), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E.  The Amount in Controversy Exceeds $5,000,000[2]

26. This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

27. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

28. Defendants deny the validity and merit of the entirety of Plaintiff's alleged

---

[2] The alleged damages calculations contained herein are for purposes of removal only. Defendants deny that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserve the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7   NOTICE OF REMOVAL

claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [D]efendant's liability"); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on its own investigation, that a case is removable.").

29.   For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the plaintiff will prevail on their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

30.   Here, Plaintiff does not allege the amount in controversy in the Complaint, though he alleges a common course of conduct by Defendants that purportedly deprived class members of wages and premiums. Complaint, ¶¶ 12-20.

31.   Plaintiff filed his Complaint on September 15, 2022, alleging a cause of action for violation of the Unfair Competition Law ("UCL"), California Business and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8   NOTICE OF REMOVAL

Professions Code §§ 17200, *et seq.* Complaint, ¶¶ 83-87. Alleging a UCL violation may extend the statute of limitations for Plaintiff's meal and rest period claims as well as the overtime and minimum wage claims from three to four years from the filing of the Complaint, which in this case extends the statute of limitations to September 15, 2018. *See* CAL. BUS. & PROF. CODE § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

32. Defendant Todd Pipe's records reflect that it employed 389 hourly, non-exempt employees in California from September 15, 2018 until it merged into and with Morsco Supply, LLC on or about December 31, 2021.

### 1. Amount in Controversy—Plaintiff's Meal Break Claim

33. In his Third Cause of Action, Plaintiff alleges that Defendant failed to provide Plaintiff and other class members with complete, uninterrupted meal periods. Complaint, ¶ 48. Plaintiff seeks one additional hour of pay at the regular rate of compensation for each workday that a meal period was not provided. Complaint, ¶¶ 48-51.

34. California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a compliant meal period was not provided. CAL. LAB. CODE § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* CAL. CIV. PROC. CODE § 338(a) (setting out a three-year limitations period); CAL. BUS. & PROF. CODE § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

35. For purposes of establishing the amount in controversy at removal, Defendants do not need to make Plaintiff's case for him, or prove the amount in controversy to a certainty. Rather, Defendant can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9   NOTICE OF REMOVAL

*8 (N.D. Cal. Dec. 31, 2020).

36. The allegations in Plaintiff's Complaint support the conservative assumption of (at least) two (2) missed meal periods per workweek. *See Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court should find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period violations was reasonable despite allegations that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB, 2017 WL 2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch").

37. According to Todd Pipe's records, the average hourly rate for the 389 non-exempt employees employed by Todd Pipe since September 15, 2022 is $18.77, and they worked a total of approximately 33,653 workweeks. Using a conservative estimate of two non-compliant meal periods every week, the amount in controversy for the meal period claim totals **$1,263,333.62** (33,653 workweeks * 2 * $18.77= $1,263,333.62).

### 2. Amount in Controversy—Plaintiff's Rest Break Claim

38. In his Fourth Cause of Action, Plaintiff alleges that he and the putative class were, at times, not authorized or permitted to take complete and compliant duty-free rest breaks. Complaint, ¶ 56. Plaintiff seeks one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided. Complaint, ¶¶ 56-59.

39. California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a rest period was not

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10

NOTICE OF REMOVAL

provided. CAL. LAB. CODE § 226.7.

40. Using a conservative estimate of two (2) missed rest breaks every workweek, the amount in controversy for the rest period claim totals **$1,263,333.62** (33,653 workweeks * 2 * $18.77= $1,263,333.62). *Hull v. Mars Petcare US, Inc.,* No. ED CV-18-1021 PSG (KKx), 2018 WL 3583051, at *4-5 (C.D. Cal. Jul. 25, 2018) (finding reasonable assumption of three missed rest periods and meal periods per week).

### 3. Amount in Controversy—Plaintiff's Waiting Time Penalty Claim

41. In his Fifth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code sections 201, 202, and 203. Complaint, ¶¶ 60-67. The statute of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three years. *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

42. The Labor Code's penalty for failure to pay wages at termination is up to 30 days' wages for each employee. CAL. LABOR CODE § 203(a).

43. For purposes of removal only, based on a review of its records, 338 employees have separated from Defendant's employment since September 15, 2019, and the average hourly pay rate for these employees is $19.11. The amount in controversy for Plaintiff's waiting time penalties claim is thus **$1,550,203.20** (338 employees * 8 hours * 30 days * $19.11 average rate of pay = $1,550,203.20).

### 4. Amount in Controversy—Plaintiff's Wage Statement Claim

44. In his Sixth Cause of Action, Plaintiff alleges that Defendant "failed to provide Plaintiff and Class Members accurate itemized wage statements pursuant to Labor Code sections 226, subdivision (a) on each and every wage statement that should have been provided, including by failing to accurately itemize and reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11

NOTICE OF REMOVAL

each hourly rate; and the name and address of the legal entity that is the employer." Complaint, ¶ 71. Plaintiff contends that Defendant's failure to provide accurate wage statements was knowing, intentional, and willful. Complaint, ¶ 72.

45. Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. CAL. LABOR CODE § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. CAL. CODE CIV. PROC. § 340.

46. Defendants deny the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, based on a review of its records, Defendant Todd Pipe employed at least 207 non-exempt employees from September 15, 2021 through December 26, 2021, when it merged into and with Morsco Supply, LLC, for 1,486 pay periods. The average number of pay periods per employee is more than 7 pay periods (1,486 pay periods/207 employees), and the resulting average penalties per employee are $650 ([$50 * 1] + [$100 * 6]). Multiplying that number by the 207 employees at issue equals **$134,550.**

### 5. Amount in Controversy—Plaintiff's Claim for Attorneys' Fees

47. Finally, Plaintiff seeks attorneys' fees and costs in his Complaint. Complaint, ¶¶ 19, 37, 43, 51, 59, 75, 82, Prayer for Relief ¶ M. Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

48. In California, it is not uncommon for an attorneys' fee award to be 25 to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12   NOTICE OF REMOVAL

33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

49. Indeed, Plaintiff's counsel, Bibiyan Law Group, P.C., routinely seeks attorneys' fees in the amount of at least 33% (and sometimes up to 35%) of Gross Settlement Amounts negotiated in class actions similar to the class action filed by Plaintiff herein. Lavi Decl., ¶ 9, Exhs. J-M (¶¶ 61-73, seeking fees equivalent to 33% of the Gross Settlement Amount)), J (¶¶ 57-64, seeking fees equivalent to 33% of the Gross Settlement Amount), K (¶¶ 63-71, seeking fees equivalent to 33% of the Gross Settlement Amount), L (¶¶ 53-73, seeking fees equivalent to 35% of the Gross Settlement Amount),

50. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

51. Based on the above, the amount in controversy for unpaid overtime, meal

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

13   NOTICE OF REMOVAL

period premiums, rest break premiums, and waiting time penalties, is conservatively **$4,211,420.44**. Taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by $1,052,855.11 for a total amount in controversy of **$5,264,275.55**, which exceeds the $5,000,000 benchmark without accounting for Plaintiff's First and Second Causes of Action for Failure to Pay Minimum Wages and Overtime, respectively, Seventh Cause of Action for Failure to Indemnify, Eighth Cause of Action for Unfair Business Practices, and without accounting for the non-exempt employees employed by Morsco.

### V.  SUMMARY

52.  As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for unpaid overtime, meal period premiums, rest break premiums, waiting time penalties, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claim | Amount in Controversy Conservative Estimate |
|---|---|
| Meal Period Premiums | $1,263,333.62 |
| Rest Period Premiums | $1,263,333.62 |
| Inaccurate Wage Statements | $134,550 |
| Waiting Time Penalties | $1,550,203.20 |
| Attorneys' Fees | $1,052,855.11 |
| **Amount in Controversy** | **$5,264,275.55** |

53.  Accordingly, although Defendants deny Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

### VI.  NOTICE TO PLAINTIFF AND STATE COURT

54.  As required by 28 U.S.C. section 1446(b), Defendants will provide Plaintiff, through his counsel, with written notice of this removal.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

14                              NOTICE OF REMOVAL

55. As required by 28 U.S.C. section 1446(d), Defendants will file a copy of this Notice of Removal with the Superior Court of California for the County of Los Angeles.

WHEREFORE, Defendants respectfully petition the removal of this case from the Superior Court of the State of California for the County of Los Angeles to this United States District Court for the Central District of California.

Dated: October 28, 2022

LITTLER MENDELSON, P.C.

*/s/ Alyssa S. Gjedsted*
Keith A. Jacoby
Rachael Lavi
Alyssa S. Gjedsted

Attorneys for Defendants
TODD PIPE & SUPPLY, LLC; a terminated California limited liability company; TODD PIPE HOLDINGS, INC., a California corporation; MORSCO SUPPLY, LLC, a Texas limited liability company

4878-7760-9786.3 / 095788-1005

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

15   NOTICE OF REMOVAL